## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Bruce W. Black |

### FOURTH INTERIM ORDER AUTHORIZING DEBTOR TO USE PREPETITION COLLATERAL, INCLUDING CASH COLLATERAL, AND GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363

Upon the motion (the "Motion"), of RadLAX Gateway Hotel, LLC (the "Debtor"), pursuant to sections 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order authorizing the Debtor to use cash collateral of the Lender[1] and providing adequate protection to the Lender; the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; the Court having previously approved the Debtor's use of Cash Collateral on an interim basis pursuant to orders dated August 18, 2009, August 20, 2009, September 17, 2009, and October 29, 2009; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND, DETERMINED, ORDERED AND ADJUDGED THAT:**

1. *Jurisdiction.* This Court has core jurisdiction over this bankruptcy case, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

91004-2100/LEGAL17412595.1

reorganization (the first such occurrence being hereinafter referred to as the "Termination Event"). On and after the Termination Event, the Debtor shall immediately cease using any of the Cash Collateral; *provided, however*, that the Debtor reserves the right to seek Court authorization to continue to use such Cash Collateral, and the Lender reserves the right to oppose such relief.

6.  *Budget.* The Budget is hereby approved and the Debtor is allowed to exceed the expenses set forth in the Budget each month by an aggregate of 10%. The Debtor and the Lender may mutually agree to amend the Budget at any time without further Court order.

7.  *Financial Reporting.* On or before the twentieth business day following the final day of every month for the period contained in the Budget, the Debtor shall deliver to the Lender: (a) a comparison of the amounts set forth in the Budget to actual results for the prior month; (b) a financial statement for the Hotel for the prior month showing a comparison to the Budget and a comparison to the prior year; (c) a balance sheet for the Hotel for the prior month; (d) a report from the asset manager for the prior month; and (e) STR report for the Hotel for the second month prior. The Debtor and the Lender may agree upon additional or modified reporting without further order of Court.

8.  *Effectiveness.* This Fourth Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof, *provided, however*, that the findings and conclusions shall be without prejudice to the right of the Lender to make legal arguments or contest factual matters with respect to any future proceedings.

9.  *Notice.* On or before seven business days following the entry of this Fourth Interim Order, the Debtor shall serve a copy of this Fourth Interim Order by first-class mail upon: (a) the United States Trustee; (b) the Lender's counsel; (c) counsel to the Debtor's 20

2.  *Objections*.  All objections to the entry of this fourth interim order (the "Fourth Interim Order"), if any, are resolved hereby or, to the extent not resolved, are overruled.

3.  *Use of Prepetition Collateral*.  The Debtor is hereby authorized to use the Lender's cash collateral, including, but not limited to, that cash collateral relating to the Hotel's room revenues and food and beverage revenues (the "Cash Collateral"), pursuant to sections 361 and 363 of the Bankruptcy Code and any other collateral in which the Lender has an interest (together with the Cash Collateral, the "Prepetition Collateral") to pay operating expenses of the hotel, including the Hotel's employees, postpetition vendors, insurance, taxes, and bankruptcy-related expenses, as more specifically described in the budget attached hereto as **Exhibit 1** (the "Budget"). The Debtor is allowed to exceed the expenses set forth in the Budget by an aggregate of 10%. The Debtor's use of the Prepetition Collateral is authorized only through March 16, 2010, and may not be extended other than on the express written consent of the Lender or order of the Court, other than as expressly provided below.

4.  *Adequate Protection*.  As adequate protection, the Debtor shall continue operating the Hotel and use the Cash Collateral to pay operating expenses of the Hotel, as more specifically described in the Budget.

5.  *Termination of Use of Cash Collateral*.  Notwithstanding anything to the contrary contained herein, the Debtor's right to use the Cash Collateral shall expire on the earliest to occur of: (a) March 16, 2010; (b) the entry by this Court of an order reversing, amending, supplementing, staying, vacating or otherwise modifying the terms of this Fourth Interim Order; (c) the conversion of the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code; (d) the appointment of a trustee or examiner or other representative with expanded powers for the Debtor; and (e) the occurrence of the effective date or consummation of a plan of

largest unsecured creditors; and (d) any party who filed a request for notices in this chapter 11 case pursuant to Bankruptcy Rule 2002 as of the date of this Fourth Interim Order.

10. *Further Hearing.* A further hearing on the Debtor's use of the Prepetition Collateral, including Cash Collateral, shall be held on March 10, 2010 at 10:30 a.m. Objections to the further use of Cash Collateral shall be filed by March 3, 2010.

Dated: December 16, 2009

                                             UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

91004-2100/LEGAL17412595.1

| Radlax Gateway Hotel LLC | Jan-2010 Total |
|---|---|
| Total Cash Receipts | 1,775,849 |
| **Disbursements** | **Total** |
| Gross Payroll (Bi - Weekly) - Payroll & Taxes | 565,000 |
| Excel Elevator, Modernization | 54,200 |
| 11 Union Health Insurance | 37,000 |
| 11 Union Life Insurance | 800 |
| Non-Union Life Insurance | 850 |
| Non-Union Health | 35,000 |
| Union Dues | 10,000 |
| Credit Card Commissions | 31,000 |
| Insurance Property | 12,799 |
| Insurance Workers Comp | 17,124 |
| Laundry/Uniform Room | 37,950 |
| Rooms Dept Expenses | 66,400 |
| F & B Dept Expenses | 91,500 |
| Admin & General | 32,300 |
| Sales & Marketing | 22,700 |
| R&M | 32,500 |
| Utilities | 100,000 |
| Utilities Deposit Scheduled Due | 0 |
| Guest Shuttle Cost DSS | 68,400 |
| Occupancy/ Sales Taxes | 188,740 |
| Quality Parking - Management Co | 79,500 |
| Franchise Fee | 104,000 |
| Asset Mgmt Fee | 7,851 |
| Mgmt Fee | 47,106 |
| Legal Fees | |
| Real Estate Taxes-Escrow | 99,164 |
| Total Disbursements | 1,741,884 |
| Change in cash from operations | 33,965 |

| RadLax Gateway Hotel LLC | Feb-2010 Total |
|---|---:|
| **Total Cash Receipts** | 1,894,641 |
| **Disbursements** | **Total** |
| Gross Payroll (Bi - Weekly) - Payroll & Taxes | 562,000 |
| Excel Elevator, Modernization | 54,200 |
| 11 Union Health Insurance | 37,000 |
| 11 Union Life Insurance | 800 |
| Non-Union Life Insurance | 850 |
| Non-Union Health | 35,000 |
| Union Dues | 10,000 |
| Credit Card Commissions | 39,465 |
| Insurance Property | 12,799 |
| Insurance Workers Comp | 17,124 |
| Laundry/Uniform Room | 34,000 |
| Rooms Dept Expenses | 51,200 |
| F & B Dept Expenses | 82,600 |
| Admin & General | 23,900 |
| Sales & Marketing | 19,000 |
| R&M | 25,000 |
| Utilities | 100,000 |
| Utilities Deposit Scheduled Due | 0 |
| Guest Shuttle Cost DSS | 65,000 |
| Occupancy/ Sales Taxes | 192,486 |
| Quality Parking - Management Co | 79,500 |
| Franchise Fee | 112,097 |
| Asset Mgmt Fee | 8,007 |
| Mgmt Fee | 48,041 |
| Legal Fees | |
| Real Estate Taxes-Escrow | 99,164 |
| **Total Disbursements** | 1,709,233 |
| Change in cash from operations | 185,407 |

**RadLax Gateway Hotel LLC**                         Mar-2010
                                                      **Total**

| | |
|---|---:|
| Total Cash Receipts | 1,895,394 |
| **Disbursements** | **Total** |
| Gross Payroll (Bi - Weekly) - Payroll & Taxes | 554,000 |
| Excel Elevator, Modernization | 54,200 |
| 11 Union Health Insurance | 37,000 |
| 11 Union Life Insurance | 1,300 |
| Non-Union Life Insurance | 1,350 |
| Non-Union Health | 35,000 |
| Union Dues | 11,500 |
| Credit Card Commissions | 47,163 |
| Insurance Property | 12,799 |
| Insurance Workers Comp | 17,124 |
| Laundry/Uniform Room | 39,000 |
| Rooms Dept Expenses | 54,200 |
| F & B Dept Expenses | 101,500 |
| Admin & General | 27,100 |
| Sales & Marketing | 20,200 |
| R&M | 26,500 |
| Utilities | 100,000 |
| Utilities Deposit Scheduled Due | 0 |
| Guest Shuttle Cost DSS | 70,000 |
| Occupancy/ Sales Taxes | 198,943 |
| Quality Parking - Management Co | 79,500 |
| Franchise Fee | 115,857 |
| Asset Mgmt Fee | 9,433 |
| Mgmt Fee | 56,596 |
| Legal Fees | |
| Real Estate Taxes-Escrow | 99,164 |
| Total Disbursements | 1,769,429 |
| Change in cash from operations | 125,965 |