# <u>GROUP EXHIBIT A</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

### DEBTORS' FIRST SET OF INTERROGATORIES TO AMALGAMATED
### RELATING TO DEBTORS' MOTION FOR AN ORDER:
### (A) APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF
### THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION;
### (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES;
### (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

RadLAX Gateway Hotel, LLC and RadLAX Gateway Deck, LLC, by their undersigned

counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, made applicable to this

contested matter by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, requests

that Amalgamated Bank, as Trustee of the Longview Ultra Construction Loan Investment Fund,

answer the Interrogatories contained herein and serve a copy of such answers upon Perkins Coie

LLP, 131 S. Dearborn St., Suite 1700, Chicago, Illinois 60603, Attn: David M. Neff, **on or

before Monday, July 26, 2010**.

### INSTRUCTIONS

1.      These Interrogatories are intended to be continuing in nature and continuously

renewed until the time of trial.  Any information which is discovered or obtained subsequent to

the service of your answers hereto must be brought to the attention of the undersigned attorneys,

through supplemental responses, within a reasonable time following such acquisition or

discovery.

2.      If you object to any of the Interrogatories herein, the reasons for the objection

must be stated with particularity. If the objection is made to any part of an Interrogatory, that part must be specified and the remainder of the Interrogatory must be answered.

3.      If you contend that any Interrogatory requests information that is privileged, in whole or in part, then with respect to each such Interrogatory and answer:

(a)      State with specificity the nature of any privilege asserted; and

(b)      Specify:

(i)      the general nature of the information subject to the privilege;

(ii)      the name and address of each individual to whom the privileged information has been at any time provided;

(iii)      the name and address of each person from whom the information has been obtained by you; and

(vii)      all other information necessary to identify the information with sufficient particularity to meet the requirements for its inclusion in a motion to compel an answer to the applicable interrogatory.

## DEFINITIONS

1.      "Chapter 11 Cases" shall mean Gateway Hotel's and Gateway Deck's chapter 11 bankruptcy proceedings pending before the Court as Case Nos. 09-30047 and 09-30048, respectively.

2.      "Court" shall mean the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

3.      "Debtors" shall mean, collectively, Gateway Hotel and Gateway Deck.

4.      "Deck" means the partially constructed parking facility located on the real property adjacent to the Hotel, which has an address of 6200 98th Street, Los Angeles, California.

5.      "Entity" means any partnership, limited partnership, corporation, company, limited liability company or other form of business entity.

6.     "Gateway Deck" shall mean RadLAX Gateway Deck, LLC

7.     "Gateway Hotel" shall mean RadLAX Gateway Hotel, LLC.

8.     "Hearing" shall mean any evidentiary hearing conducted before the Court to adjudicate the Motion.

9.     "Hotel" means the Radisson Hotel at Los Angeles International Airport, which is located at 6225 West Century Boulevard, Los Angeles, California.

10.     "Identify" with respect to an individual means the individual's last known name, title, address, and telephone number.  "Identify" with respect to an Entity means the Entity's address, telephone number and the name of an individual representative of the Entity.

11.     "Lender" shall mean Amalgamated Bank, as Trustee of the Longview Ultra Construction Loan Investment Fund, in its capacity as administrative agent for itself and San Diego National Bank.

12.     "Loan" shall mean that $142,000,000 construction loan from Amalgamated Bank, as Trustee of the Longview Ultra Construction Loan Investment Fund, in its capacity as administrative agent for itself and San Diego National Bank, to the Debtors.

13.     "Motion" means Debtors' Motion for an Order: (A) Approving Procedures for the Sale of Substantially all of the Debtors' Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of Notice; and (E) Granting Related Relief [Docket Entry #206 in Case No. 09-30047 pending before the Court].

14.     "Refer or relate," "related to," "relating to," "regarding," "pertaining to" or any similar phrase shall mean pertinent, relevant or material to, evidencing, constituting, summarizing, reflecting, growing out of, arising from, relevant to, having a bearing or concern upon, or pertaining to, associated with, responding to, concerning, affecting, discussing, referring

-3-

to, dealing or standing in some relationship with, in any manner whatsoever, the object, subject, topic, fact, allegation, person, entity, event or noun which follows that term or phrase or which appears in these discovery requests. This includes, without limitation, all documents which contain, describe, analyze, record, reflect, summarize, evaluate, comment upon, transmit, discuss, pertain to, or mention the subject matter of any document request, as well as drafts, work papers, or other preparation materials, exhibits shown or circulated at any meeting, and the text or notes of any oral or written presentation or conversation.

15.    "SDNB" shall mean San Diego National Bank, now part of U.S. Bank National Association, and all of its present and former agents, attorneys, employees, representatives, officers, directors, or any other persons acting or purporting to act on its behalf.

16.    "You" or "Your" means Amalgamated Bank, individually, and as Trustee of the Longview Ultra Construction Loan Investment Fund, and all of its present and former agents, attorneys, employees, representatives, officers, directors, or any other persons acting or purporting to act on its behalf.

## INTERROGATORIES

1.    Identify every individual with knowledge about any of the factual allegations contained in the Motion and state the substance of such individual's knowledge.

2.    Identify every individual who participated in answering these Interrogatories.

3.    Identify every individual who communicated with the Debtors on Your behalf relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

4.    Identify every individual or Entity with whom You consulted relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

-4-

5.      Identify every individual who had the authority to approve on Your behalf draw requests submitted to You by the Debtors under the Loan.

6.      Identify every contractor or subcontractor that performed work on or at the Hotel or the Deck and with whom You communicated relating to (a) such contractor's or subcontractor's concerns about getting paid for work performed and/or (b) Your encouragement or requests to any such contractor or subcontractor to perform work on or at the Hotel or the Deck.

7.      If You contend that You did not approve of or otherwise consent to Gateway Deck's decision to increase the size of the Deck from seven to eight levels, state the basis for Your contention.

8.      If You contend that You did not fund any draw request under the Loan that contemplated, among other things, payment of expenses for Gateway Deck's construction of an eight-level Deck rather than a seven-level Deck, state the basis for Your contention.

9.      If You contend that You did not encourage or request that certain contractors or subcontractors perform work on or at the Hotel or the Deck, state the basis for Your contention.

10.     State the basis for Your decision to terminate funding under the Loan.

11.     If You contend that You justifiably terminated funding under the Loan, state the basis for Your contention.

12.     Identify whether You or SDNB have legal authority to take positions on behalf of the Lender in matters before the Court in the Chapter 11 Cases.

13.     State the basis for Your answer to Interrogatory No. 12.

14.     Identify every individual who You intend to call as an expert or fact witness at the Hearing.

-5-

15.     Identify all individuals with knowledge of the allegations made in any response

You may file to the Motion and state the substance of such individual's knowledge.


Dated: June 25, 2010                    **RADLAX GATEWAY HOTEL, LLC**
                                        **RADLAX GATEWAY DECK, LLC**


                                        By: _____
                                            PERKINS COIE LLP
                                            David M. Neff (ARDC # 6190202)
                                            Brian A. Audette (ARDC # 6277056)
                                            Eric E. Walker (ARDC # 6290993)
                                            131 S. Dearborn Street - Suite 1700
                                            Chicago, Illinois 60603-5559
                                            Telephone:  (312) 324-8400
                                            Facsimile:  (312) 324-9400

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

### CERTIFICATE OF SERVICE

Brian A. Audette, an attorney, certifies that on Friday, June 25, 2010, he caused a copy of the attached **DEBTORS' FIRST SET OF INTERROGATORIES TO AMALGAMATED BANK RELATING TO DEBTORS' MOTION FOR AN ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF** to be served upon the parties listed below via e-mail and United States Mail.

Forrest B. Lammiman
Meltzer, Purtill & Stelle LLC
300 South Wacker Drive
Suite 3500
Chicago, Illinois 60606
flammiman@mpslaw.com

Adam A. Lewis, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
alewis@mofo.com

John W. Costello
Wildman Harrold Allen & Dixon LLP
225 W. Wacker Dr., Ste. 3000
Chicago, Illinois 60606
costello@wildman.com

Brian A. Audette

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

## DEBTORS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO AMALGAMATED BANK RELATING TO DEBTORS' MOTION FOR AN ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

RadLAX Gateway Hotel, LLC and RadLAX Gateway Deck, LLC, by their undersigned

counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this

contested matter by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, requests

that Amalgamated Bank, as Trustee of the Longview Ultra Construction Loan Investment Fund,

produce the documents requested herein and serve copies of such documents upon Perkins Coie

LLP, 131 S. Dearborn St., Suite 1700, Chicago, Illinois 60603, Attn: David M. Neff, **on or

before Monday, July 26, 2010**.

### INSTRUCTIONS

1.      These document requests are intended to be continuing in nature and continuously

renewed until the time of trial.  Any documents which are discovered or obtained subsequent to

the service of your answers hereto must be immediately brought to the attention of the

undersigned attorneys through supplemental responses.

2.      If you object to any of the document requests herein, the reasons for the objection

must be stated with particularity.  If the objection is made to any part of a document request, that

part must be specified and the remainder of the document request must be answered.

3.     If you contend that any document responsive to any document request is

privileged, in whole or in part, then with respect to each such request and answer:

(a)     state with specificity the nature of any privilege asserted; and

(b)     specify:

(i)     the date of the document;

(ii)     the nature of the document (*e.g.*, whether letter, telegram, memorandum, etc.);

(iii)     the name and address of each individual who prepared the document;

(iv)     the name and address of each individual to whom the document, or a copy thereof, has been at any time provided;

(v)     the name and address of each person from whom the document has been obtained by you;

(vi)     the name and address of the individual or entity having possession of the original of the document (or if the whereabouts of the original is unknown, the name and address of each person or entity known or believed to have a copy or copies thereof);

(vii)     all other information necessary to identify the document with sufficient particularity to meet the requirements for its inclusion in a motion to compel production; and

(viii)     if such document was, but is no longer, within your care, possession, custody or control, state what disposition was made of it, the reason for such disposition, and the date upon which it was so disposed.

## DEFINITIONS

1.     "Court" shall mean the United States Bankruptcy Court for the Northern District

of Illinois, Eastern Division.

LEGAL18569239.3

2.      "Correspondence" shall include, but is not limited to, mail logs, letters, fax cover sheets, electronic transmissions, including e-mails and e-mail attachments, text messages and any other electronic communications, and any electronic or computerized files, documents or information, whether or not maintained in hard copy, telegrams, inter or intra-office memoranda or communications and all other written communications of whatsoever form, notes and memoranda of in person meetings or any oral communications and sound recordings and transcripts thereof.

3.      "Debtors" shall mean, collectively, Gateway Hotel and Gateway Deck.

4.      "Deck" means the partially constructed parking facility located on the real property adjacent to the Hotel, which has an address of 6200 98th Street, Los Angeles, California.

5.      "Document(s)" shall mean any written, recorded or graphic matter, however produced or reproduced.  If a document has been prepared in several copies or additional copies have been made, and the copies are not identical, each non-identical copy is a separate document. The term document(s) includes, but is not limited to, the following: agreements, contracts, correspondence, letters, telegrams, wires, cables, reports, schedules, diaries, statements, photographs, reproductions, maps, surveys, drawings, blueprints, sketches, charts, models, invoices, purchase orders, ledgers, journals, checks (front and back), check stubs, notes, estimates, summaries, desk calendars, work papers, business forms, studies, appointment books, timesheets, logs, inventories, printouts, computer tapes, recordings, minutes of meetings and memoranda, including intercorporate, intracorporate, interoffice and intraoffice memoranda and memoranda regarding conferences, conversations or telephone conversations and any and all other written, printed, typed, punched or recorded matter of whatsoever kind or description, including drafts of any of the foregoing.

LEGAL18569239.3

6. "Entity" means any partnership, limited partnership, corporation, company, limited liability company or other form of business entity.

7. "Gateway Deck" shall mean RadLAX Gateway Deck, LLC.

8. "Gateway Hotel" shall mean RadLAX Gateway Hotel, LLC.

9. "Hearing" shall mean any evidentiary hearing conducted before the Court to adjudicate the Motion.

10. "Hotel" means the Radisson Hotel at Los Angeles International Airport, which is located at 6225 West Century Boulevard, Los Angeles, California.

11. "Loan" shall mean that $142,000,000 construction loan from Amalgamated Bank, as Trustee of the Longview Ultra Construction Loan Investment Fund, in its capacity as administrative agent for itself and San Diego National Bank, to the Debtors.

12. "Motion" means Debtors' Motion for an Order: (A) Approving Procedures for the Sale of Substantially all of the Debtors' Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of Notice; and (E) Granting Related Relief [Docket Entry #206 in Case No. 09-30047 pending before the Court].

13. "Person" means any individual or Entity.

14. "Refer or relate," "related to," "relating to," "regarding," "pertaining to" or any similar phrase shall mean pertinent, relevant or material to, evidencing, constituting, summarizing, reflecting, growing out of, arising from, relevant to, having a bearing or concern upon, or pertaining to, associated with, responding to, concerning, affecting, discussing, referring to, dealing or standing in some relationship with, in any manner whatsoever, the object, subject, topic, fact, allegation, person, entity, event or noun which follows that term or phrase or which appears in these discovery requests. This includes, without limitation, all documents which

-4-

contain, describe, analyze, record, reflect, summarize, evaluate, comment upon, transmit, discuss, pertain to, or mention the subject matter of any document request, as well as drafts, work papers, or other preparation materials, exhibits shown or circulated at any meeting, and the text or notes of any oral or written presentation or conversation.

15.     "SDNB" shall mean San Diego National Bank, now part of U.S. Bank National Association, and all of its present and former agents, attorneys, employees, representatives, officers, directors, or any other persons acting or purporting to act on its behalf.

16.     "You" or "Your" means Amalgamated Bank, individually, and as Trustee of the Longview Ultra Construction Loan Investment Fund, and all of its present and former agents, attorneys, employees, representatives, officers, directors, or any other persons acting or purporting to act on its behalf.

## DOCUMENT REQUESTS

1.     All Correspondence between You and any other Person, including (a) the Debtors, (b) any one or more of Your or SDNB's consultants and/or (c) SDNB relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

2.     All reports, summaries, analyses or similar Documents prepared by You or on Your behalf relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

3.     All of Your internal Documents relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

4.     All Documents relating to Your approval of or consent to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

5.      All Correspondence between You and SDNB relating to Your approval of or
consent to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

6.      If You contend that You did not approve of or otherwise consent to Gateway
Deck's decision to increase the size of the Deck from seven to eight levels, all Documents
relating to Your contention.

7.      All Documents relating to Your decision to fund any of the Debtors' draw
requests under the Loan that contemplated, among other things, payment of expenses for
Gateway Deck's construction of an eight-level Deck rather than a seven-level Deck.

8.      All Correspondence between You and any other Person, including (a) SDNB
and/or (b) any one or more of Your or SDNB's consultants relating to Your decision to fund any
of the Debtors' draw requests under the Loan that contemplated, among other things, payment of
expenses for Gateway Deck's construction of an eight-level Deck rather than a seven-level Deck.

9.      All of Your internal Documents relating to Your decision to fund any of the
Debtors' draw requests under the Loan that contemplated, among other things, payment of
expenses for Gateway Deck's construction of an eight-level Deck rather than a seven-level Deck.

10.     All Correspondence between You and any other Person, including (a) any
contractor or subcontractor that performed any work on or at the Hotel or the Deck, (b) the
Debtors, (c) SDNB and/or (d) any one or more of Your or SDNB's consultants relating to (i) any
contractor's or subcontractor's concerns about getting paid for work performed and/or (ii) Your
encouragement or requests to any contractor or subcontractor to perform work on or at the Hotel
or the Deck.

11.     All of Your internal Documents relating to (a) contractors' or subcontractors'
concerns about getting paid for work performed on or at the Hotel or the Deck and/or (b) Your

-6-

encouragement or requests that contractors or subcontractors perform work on or at the Hotel or the Deck.

12. All of Your internal Documents relating to mechanic's liens filed and/or recorded against the Hotel or the Deck.

13. All Correspondence between You and any other Person, including (a) SDNB and/or (b) any one or more of Your or SDNB's consultants relating to mechanic's liens filed and/or recorded against the Hotel or the Deck.

14. All reports, summaries, analyses or similar Documents prepared by You or on Your behalf relating to mechanic's liens filed and/or recorded against the Hotel or the Deck.

15. All Documents relating to any funds You have set aside or otherwise reserved in connection with or relating to mechanic's liens filed and/or recorded against the Hotel or the Deck.

16. All of Your internal Documents relating to Your or SDNB's decision to terminate funding under the Loan.

17. All Correspondence between You and any other Person, including (a) the Debtors, (b) SDNB and/or (c) any one or more of Your or SDNB's consultants relating to Your or SDNB's decision to terminate funding under the Loan.

18. If You contend that You and/or SDNB justifiably terminated funding under the Loan, all Documents relating to Your contention.

19. All of Your internal Documents relating to any of Your decision-making committees' (fund or bank level), including any so-called investment committees or trust committees, decision(s) to approve or disapprove any proposed loan modifications to the Loan.

20.    All agreements, including, without limitation, any co-lender and agency

agreements, by and between You and SDNB relating to the Loan.

21.    All exhibits You intend to introduce into evidence at the Hearing.

22.    All reports, summaries, analyses, or similar Documents prepared on Your behalf

by any expert witness You intend to call as a witness at the Hearing.


Dated: June 25, 2010                    **RADLAX GATEWAY HOTEL, LLC**
                                        **RADLAX GATEWAY DECK, LLC**

                            By:_____
                                        PERKINS COIE LLP
                                        David M. Neff (ARDC # 6190202)
                                        Brian A. Audette (ARDC # 6277056)
                                        Eric E. Walker (ARDC # 6290993)
                                        131 S. Dearborn Street - Suite 1700
                                        Chicago, Illinois 60603-5559
                                        Telephone:  (312) 324-8400
                                        Facsimile:  (312) 324-9400

-8-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

### CERTIFICATE OF SERVICE

Brian A. Audette, an attorney, certifies that on Friday, June 25, 2010, he caused a copy of the attached **DEBTORS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO AMALGAMATED BANK RELATING TO DEBTORS' MOTION FOR AN ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF** to be served upon the parties listed below via e-mail and United States Mail.

Forrest B. Lammiman
Meltzer, Purtill & Stelle LLC
300 South Wacker Drive
Suite 3500
Chicago, Illinois 60606
flammiman@mpslaw.com

Adam A. Lewis, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
alewis@mofo.com

John W. Costello
Wildman Harrold Allen & Dixon LLP
225 W. Wacker Dr., Ste. 3000
Chicago, Illinois 60606
costello@wildman.com

Brian A. Audette

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

## DEBTORS' FIRST SET OF INTERROGATORIES TO SAN DIEGO NATIONAL BANK RELATING TO DEBTORS' MOTION FOR AN ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

RadLAX Gateway Hotel, LLC and RadLAX Gateway Deck, LLC, by their undersigned

counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, made applicable to this

contested matter by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, requests

that San Diego National Bank, now part of U.S. Bank National Association, answer the

Interrogatories contained herein and serve a copy of such answers upon Perkins Coie LLP, 131

S. Dearborn St., Suite 1700, Chicago, Illinois 60603, Attn: David M. Neff, **on or before**

**Monday, July 26, 2010**.

### INSTRUCTIONS

1.      These Interrogatories are intended to be continuing in nature and continuously

renewed until the time of trial. Any information which is discovered or obtained subsequent to

the service of your answers hereto must be brought to the attention of the undersigned attorneys,

through supplemental responses, within a reasonable time following such acquisition or

discovery.

2.      If you object to any of the Interrogatories herein, the reasons for the objection

must be stated with particularity. If the objection is made to any part of an Interrogatory, that

part must be specified and the remainder of the Interrogatory must be answered.

3.     If you contend that any Interrogatory requests information that is privileged, in whole or in part, then with respect to each such Interrogatory and answer:

    (a)    State with specificity the nature of any privilege asserted; and

    (b)    Specify:

        (i)    the general nature of the information subject to the privilege;

        (ii)    the name and address of each individual to whom the privileged information has been at any time provided;

        (iii)    the name and address of each person from whom the information has been obtained by you; and

        (vii)    all other information necessary to identify the information with sufficient particularity to meet the requirements for its inclusion in a motion to compel an answer to the applicable interrogatory.

## DEFINITIONS

1.     "Amalgamated" means Amalgamated Bank, individually, and as Trustee of the Longview Ultra Construction Loan Investment Fund, and all of its present and former agents, attorneys, employees, representatives, officers, directors, or any other persons acting or purporting to act on its behalf.

2.     "Chapter 11 Cases" shall mean Gateway Hotel's and Gateway Deck's chapter 11 bankruptcy proceedings pending before the Court as Case Nos. 09-30047 and 09-30048, respectively.

3.     "Court" shall mean the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

4.     "Debtors" shall mean, collectively, Gateway Hotel and Gateway Deck.

LEGAL18597294.2

5.      "Deck" means the partially constructed parking facility located on the real property adjacent to the Hotel, which has an address of 6200 98th Street, Los Angeles, California.

6.      "Entity" means any partnership, limited partnership, corporation, company, limited liability company or other form of business entity.

7.      "Gateway Deck" shall mean RadLAX Gateway Deck, LLC

8.      "Gateway Hotel" shall mean RadLAX Gateway Hotel, LLC.

9.      "Hearing" shall mean any evidentiary hearing conducted before the Court to adjudicate the Motion.

10.     "Hotel" means the Radisson Hotel at Los Angeles International Airport, which is located at 6225 West Century Boulevard, Los Angeles, California.

11.     "Identify" with respect to an individual means the individual's last known name, title, address, and telephone number.  "Identify" with respect to an Entity means the Entity's address, telephone number and the name of an individual representative of the Entity.  "Identify" with respect to a document means provide the date, description, type, and location of the document.

12.     "Lender" shall mean Amalgamated Bank, as Trustee of the Longview Ultra Construction Loan Investment Fund, in its capacity as administrative agent for itself and San Diego National Bank.

13.     "Loan" shall mean that $142,000,000 construction loan from Amalgamated Bank, as Trustee of the Longview Ultra Construction Loan Investment Fund, in its capacity as administrative agent for itself and San Diego National Bank, to the Debtors.

14.     "Motion" means Debtors' Motion for an Order: (A) Approving Procedures for the Sale of Substantially all of the Debtors' Assets; (B) Scheduling an Auction; (C) Approving

-3-

Assumption and Assignment Procedures; (D) Approving Form of Notice; and (E) Granting Related Relief [Docket Entry #206 in Case No. 09-30047 pending before the Court].

15.     "Refer or relate," "related to," "relating to," "regarding," "pertaining to" or any similar phrase shall mean pertinent, relevant or material to, evidencing, constituting, summarizing, reflecting, growing out of, arising from, relevant to, having a bearing or concern upon, or pertaining to, associated with, responding to, concerning, affecting, discussing, referring to, dealing or standing in some relationship with, in any manner whatsoever, the object, subject, topic, fact, allegation, person, entity, event or noun which follows that term or phrase or which appears in these discovery requests.   This includes, without limitation, all documents which contain, describe, analyze, record, reflect, summarize, evaluate, comment upon, transmit, discuss, pertain to, or mention the subject matter of any document request, as well as drafts, work papers, or other preparation materials, exhibits shown or circulated at any meeting, and the text or notes of any oral or written presentation or conversation.

16.     "You" or "Your" means San Diego National Bank, now part of U.S. Bank National Association, and all of its present and former agents, attorneys, employees, representatives, officers, directors, or any other persons acting or purporting to act on its behalf.

### INTERROGATORIES

1.     Identify every individual with knowledge about any of the factual allegations contained in the Motion and state the substance of such individual's knowledge.

2.     Identify every individual who participated in answering these Interrogatories.

3.     Identify every individual who communicated with the Debtors on Your behalf relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

-4-

4.      Identify every individual or Entity with whom You consulted relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

5.      Identify every individual who had the authority to approve on Your behalf draw requests submitted to You by the Debtors under the Loan.

6       Identify every contractor or subcontractor that performed work on or at the Hotel or the Deck and with whom You communicated relating to (a) such contractor's or subcontractor's concerns about getting paid for work performed and/or (b) Your encouragement or requests to any such contractor or subcontractor to perform work on or at the Hotel or the Deck.

7.      If You contend that You did not approve of or otherwise consent to Gateway Deck's decision to increase the size of the Deck from seven to eight levels, state the basis for Your contention.

8.      If You contend that You did not fund any draw request under the Loan that contemplated, among other things, payment of expenses for Gateway Deck's construction of an eight-level Deck rather than a seven-level Deck, state the basis for Your contention.

9.      If You contend that You did not encourage or request that certain contractors or subcontractors perform work on or at the Hotel or the Deck, state the basis for Your contention.

10.     State the basis for Your decision to terminate funding under the Loan.

11.     If You contend that You justifiably terminated funding under the Loan, state the basis for Your contention.

12.     Identify all payments you have received under the Loan from any source.

13.     Describe the compensation You may receive from the Federal Deposit Insurance Corporation for any losses You may sustain in connection with the Loan.

-5-

14.     Identify whether You or Amalgamated have legal authority to take positions on behalf of the Lender in matters before the Court in the Chapter 11 Cases.

15.     State the basis for Your answer to Interrogatory No. 14.

16.     Identify every individual who You intend to call as an expert or fact witness at the Hearing, including such individual's title and address.

Dated: June 25, 2010

**RADLAX GATEWAY HOTEL, LLC**
**RADLAX GATEWAY DECK, LLC**

By: _____

PERKINS COIE LLP
David M. Neff (ARDC # 6190202)
Brian A. Audette (ARDC # 6277056)
Eric E. Walker (ARDC # 6290993)
131 S. Dearborn Street - Suite 1700
Chicago, Illinois 60603-5559
Telephone:  (312) 324-8400
Facsimile:  (312) 324-9400

-6-

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

### CERTIFICATE OF SERVICE

Brian A. Audette, an attorney, certifies that on Friday, June 25, 2010, he caused a copy of the attached **DEBTORS' FIRST SET OF INTERROGATORIES TO SAN DIEGO NATIONAL BANK RELATING TO DEBTORS' MOTION FOR AN ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF** to be served upon the parties listed below via e-mail and United States Mail.

Forrest B. Lammiman
Meltzer, Purtill & Stelle LLC
300 South Wacker Drive
Suite 3500
Chicago, Illinois 60606
flammiman@mpslaw.com

Adam A. Lewis, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
alewis@mofo.com

John W. Costello
Wildman Harrold Allen & Dixon LLP
225 W. Wacker Dr., Ste. 3000
Chicago, Illinois 60606
costello@wildman.com

_____
Brian A. Audette

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

## DEBTORS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO SAN DIEGO NATIONAL BANK RELATING TO DEBTORS' MOTION FOR AN ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF

RadLAX Gateway Hotel, LLC and RadLAX Gateway Deck, LLC, by their undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, requests that San Diego National Bank, now part of U.S. Bank National Association, produce the documents requested herein and serve copies of such documents upon Perkins Coie LLP, 131 S. Dearborn St., Suite 1700, Chicago, Illinois 60603, Attn: David M. Neff, **on or before Monday, July 26, 2010**.

### INSTRUCTIONS

1.      These document requests are intended to be continuing in nature and continuously renewed until the time of trial. Any documents which are discovered or obtained subsequent to the service of your answers hereto must be immediately brought to the attention of the undersigned attorneys through supplemental responses.

2.      If you object to any of the document requests herein, the reasons for the objection must be stated with particularity. If the objection is made to any part of a document request, that part must be specified and the remainder of the document request must be answered.

3.     If you contend that any document responsive to any document request is

privileged, in whole or in part, then with respect to each such request and answer:

    (a)     state with specificity the nature of any privilege asserted; and

    (b)     specify:

        (i)      the date of the document;

        (ii)     the nature of the document (*e.g.*, whether letter, telegram, memorandum, etc.);

        (iii)    the name and address of each individual who prepared the document;

        (iv)     the name and address of each individual to whom the document, or a copy thereof, has been at any time provided;

        (v)      the name and address of each person from whom the document has been obtained by you;

        (vi)     the name and address of the individual or entity having possession of the original of the document (or if the whereabouts of the original is unknown, the name and address of each person or entity known or believed to have a copy or copies thereof);

        (vii)    all other information necessary to identify the document with sufficient particularity to meet the requirements for its inclusion in a motion to compel production; and

        (viii)   if such document was, but is no longer, within your care, possession, custody or control, state what disposition was made of it, the reason for such disposition, and the date upon which it was so disposed.

## DEFINITIONS

1.     "Amalgamated" means Amalgamated Bank, individually, and as Trustee of the

Longview Ultra Construction Loan Investment Fund, and all of its present and former agents,

attorneys, employees, representatives, officers, directors, or any other persons acting or

purporting to act on its behalf.

LEGAL18594973.3

2.       "Court" shall mean the United States Bankruptcy Court for the Northern District

of Illinois, Eastern Division.

3.       "Correspondence" shall include, but is not limited to, mail logs, letters, fax cover

sheets, electronic transmissions, including e-mails and e-mail attachments, text messages and any

other electronic communications, and any electronic or computerized files, documents or

information, whether or not maintained in hard copy, telegrams, inter or intra-office memoranda

or communications and all other written communications of whatsoever form, notes and

memoranda of in person meetings or any oral communications and sound recordings and

transcripts thereof.

4.       "Debtors" shall mean, collectively, Gateway Hotel and Gateway Deck.

5.       "Deck" means the partially constructed parking facility located on the real

property adjacent to the Hotel, which has an address of 6200 98th Street, Los Angeles, California.

6.       "Document(s)" shall mean any written, recorded or graphic matter, however

produced or reproduced.  If a document has been prepared in several copies or additional copies

have been made, and the copies are not identical, each non-identical copy is a separate document.

The term document(s) includes, but is not limited to, the following: agreements, contracts,

correspondence, letters, telegrams, wires, cables, reports, schedules, diaries, statements,

photographs, reproductions, maps, surveys, drawings, blueprints, sketches, charts, models,

invoices, purchase orders, ledgers, journals, checks (front and back), check stubs, notes,

estimates, summaries, desk calendars, work papers, business forms, studies, appointment books,

timesheets, logs, inventories, printouts, computer tapes, recordings, minutes of meetings and

memoranda, including intercorporate, intracorporate, interoffice and intraoffice memoranda and

memoranda regarding conferences, conversations or telephone conversations and any and all

other written, printed, typed, punched or recorded matter of whatsoever kind or description, including drafts of any of the foregoing.

7.     "Entity" means any partnership, limited partnership, corporation, company, limited liability company or other form of business entity.

8.     "Gateway Deck" shall mean RadLAX Gateway Deck, LLC.

9.     "Gateway Hotel" shall mean RadLAX Gateway Hotel, LLC.

10.     "Hearing" shall mean any evidentiary hearing conducted before the Court to adjudicate the Motion.

11.     "Hotel" means the Radisson Hotel at Los Angeles International Airport, which is located at 6225 West Century Boulevard, Los Angeles, California.

12.     "Loan" shall mean that $142,000,000 construction loan from Amalgamated Bank, as Trustee of the Longview Ultra Construction Loan Investment Fund, in its capacity as administrative agent for itself and San Diego National Bank, to the Debtors.

13.     "Motion" means Debtors' Motion for an Order: (A) Approving Procedures for the Sale of Substantially all of the Debtors' Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of Notice; and (E) Granting Related Relief [Docket Entry #206 in Case No. 09-30047 pending before the Court].

14.     "Person" shall mean any individual or Entity.

15.     "Purchase and Assumption Agreement" shall mean that certain Purchase and Assumption Agreement Whole Bank All Deposits by and among Federal Deposit Insurance Corporation, Receiver of San Diego National Bank, Federal Deposit Insurance Corporation, and U.S. Bank National Association, dated as of October 30, 2009.

16.     "Refer or relate," "related to," "relating to," "regarding," "pertaining to" or any

-4-

similar phrase shall mean pertinent, relevant or material to, evidencing, constituting, summarizing, reflecting, growing out of, arising from, relevant to, having a bearing or concern upon, or pertaining to, associated with, responding to, concerning, affecting, discussing, referring to, dealing or standing in some relationship with, in any manner whatsoever, the object, subject, topic, fact, allegation, person, entity, event or noun which follows that term or phrase or which appears in these discovery requests.  This includes, without limitation, all documents which contain, describe, analyze, record, reflect, summarize, evaluate, comment upon, transmit, discuss, pertain to, or mention the subject matter of any document request, as well as drafts, work papers, or other preparation materials, exhibits shown or circulated at any meeting, and the text or notes of any oral or written presentation or conversation.

17.    "You" or "Your" means San Diego National Bank, now part of U.S. Bank National Association, and all of its present and former agents, attorneys, employees, representatives, officers, directors, or any other persons acting or purporting to act on its behalf.

### DOCUMENT REQUESTS

1.    All Correspondence between You and any other Person, including (a) the Debtors, (b) any one or more of Your or Amalgamated's consultants and/or (c) Amalgamated relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

2.    All reports, summaries, analyses or similar Documents prepared by You or on Your behalf relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

3.    All of Your internal Documents relating to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

-5-

4.      All Documents relating to Your or Amalgamated's approval of or consent to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

5.      All Correspondence between You and Amalgamated relating to Your or Amalgamated's approval of or consent to Gateway Deck's decision to increase the size of the Deck from seven to eight levels.

6.      If You contend that You did not approve of or otherwise consent to Gateway Deck's decision to increase the size of the Deck from seven to eight levels, all Documents relating to Your contention.

7.      All Documents relating to Your or Amalgamated's decision to fund any of the Debtors' draw requests under the Loan that contemplated, among other things, payment of expenses for Gateway Deck's construction of an eight-level Deck rather than a seven-level Deck.

8.      All Correspondence between You and any other Person, including (a) Amalgamated and/or (b) any one or more of Your or Amalgamated's consultants relating to Your or Amalgamated's decision to fund any of the Debtors' draw requests under the Loan that contemplated, among other things, payment of expenses for Gateway Deck's construction of an eight-level Deck rather than a seven-level Deck.

9.      All of Your internal Documents relating to Your or Amalgamated's decision to fund any of the Debtors' draw requests under the Loan that contemplated, among other things, payment of expenses for Gateway Deck's construction of an eight-level Deck rather than a seven-level Deck.

10.      All Correspondence between You and any other Person, including (a) any contractor or subcontractor that performed any work on or at the Hotel or the Deck, (b) the Debtors, (c) Amalgamated and/or (d) any one or more of Your or Amalgamated's consultants

-6-

relating to (i) any contractor's or subcontractor's concerns about getting paid for work performed and/or (ii) Your encouragement or requests to any contractor or subcontractor to perform work on or at the Hotel or the Deck.

11.     All of Your internal Documents relating to (a) contractors' or subcontractors' concerns about getting paid for work performed on or at the Hotel or the Deck and/or (b) Your encouragement or requests that contractors or subcontractors perform work on or at the Hotel or the Deck.

12.     All of Your internal Documents relating to mechanic's liens filed and/or recorded against the Hotel or the Deck.

13.     All Correspondence between You and any other Person, including (a) Amalgamated and/or (b) any one or more of Your or Amalgamated's consultants relating to mechanic's liens filed and/or recorded against the Hotel or the Deck.

14.     All reports, summaries, analyses or similar Documents prepared by You or on Your behalf relating to mechanic's liens filed and/or recorded against the Hotel or the Deck.

15.     All Documents relating to any funds You have set aside or otherwise reserved in connection with or relating to mechanic's liens filed and/or recorded against the Hotel or the Deck.

16.     All of Your internal Documents relating to Your or Amalgamated's decision to terminate funding under the Loan.

17.     All Correspondence between You and any other Person, including (a) the Debtors, (b) Amalgamated and/or (c) any one or more of Your or Amalgamated's consultants relating to Your or Amalgamated's decision to terminate funding under the Loan.

LEGAL18594973.3

18.   If You contend that You and/or Amalgamated justifiably terminated funding under the Loan, all Documents relating to Your contention.

19.   All of Your internal Correspondence relating to any losses sustained in connection with shares owned by You and/or FBOP Corporation in Freddie Mac or Fannie Mae.

20.   All Correspondence between You and FBOP Corporation relating to any losses sustained in connection with shares owned by You and/or FBOP Corporation in Freddie Mac or Fannie Mae.

21.   All of Your internal Correspondence relating to the effect any losses sustained in connection with shares owned by You and/or FBOP Corporation in Freddie Mac or Fannie Mae had on Your regulatory capital ratios or ability to fund (or directives to avoid funding) any of Your loan commitments, including, without limitation, the Loan.

22.   All Correspondence between You and FBOP Corporation relating to the effect any losses sustained in connection with shares owned by You and/or FBOP Corporation in Freddie Mac or Fannie Mae had on Your regulatory capital ratios or ability to fund (or directives to avoid funding) any of Your loan commitments, including, without limitation, the Loan.

23.   All agreements, including, without limitation, any co-lender and agency agreements, by and between You and Amalgamated relating to the Loan.

24.   All Documents relating to any compensation You may receive from the Federal Deposit Insurance Corporation for any losses You may sustain in connection with the Loan.

25.   All exhibits and schedules to the Purchase and Assumption Agreement, including, without limitation, Schedule 3.1 (Certain Assets Purchased) and Schedule 3.2 (Purchase Price of Assets or assets).

-8-

26.    All exhibits and schedules to that certain Commercial and Other Assets Shared-

Loss Agreement, which is Exhibit 4.15B to the Purchase and Assumption Agreement.

27.    All exhibits You intend to introduce into evidence at the Hearing.

28.    All reports, summaries, analyses, or similar Documents prepared on Your behalf

by any expert witness You intend to call as a witness at the Hearing.


Dated: June 25, 2010                    **RADLAX GATEWAY HOTEL, LLC**
                                        **RADLAX GATEWAY DECK, LLC**

                                        By: _____
                                            PERKINS COIE LLP
                                            David M. Neff (ARDC # 6190202)
                                            Brian A. Audette (ARDC # 6277056)
                                            Eric E. Walker (ARDC # 6290993)
                                            131 S. Dearborn Street - Suite 1700
                                            Chicago, Illinois 60603-5559
                                            Telephone:  (312) 324-8400
                                            Facsimile:  (312) 324-9400

LEGAL18594973.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

### CERTIFICATE OF SERVICE

Brian A. Audette, an attorney, certifies that on Friday, June 25, 2010, he caused a copy of the attached **DEBTORS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO SAN DIEGO NATIONAL BANK RELATING TO DEBTORS' MOTION FOR AN ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF** to be served upon the parties listed below via e-mail and United States Mail.

Forrest B. Lammiman
Meltzer, Purtill & Stelle LLC
300 South Wacker Drive
Suite 3500
Chicago, Illinois 60606
flammiman@mpslaw.com

Adam A. Lewis, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
alewis@mofo.com

John W. Costello
Wildman Harrold Allen & Dixon LLP
225 W. Wacker Dr., Ste. 3000
Chicago, Illinois 60606
costello@wildman.com

Brian A. Audette