UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| RadLAX Gateway Hotel, LLC, et al. | ) | Case No: 09-30047 (Jointly Administered) |
| | ) | |
| | ) | Honorable Bruce W. Black |
| Debtors, | ) | |
| | ) | |

**Findings of Fact and Conclusions of Law in Support of Order Awarding to Perkins Coie LLP, Attorneys for Debtors, for Allowance of Interim Compensation and Reimbursement of Expenses.**

Total Fees Requested: $258,059.50        Total Costs Requested: $2,487.42
Fees Disallowed:       $3,331.00          Costs Disallowed:       $0.00
Total Fees Allowed:    $254,728.50        Total Costs Allowed:    $2,487.42

Total Fees and Costs Allowed: $257,215.92

THE COURT HAS IDENTIFIED THE ATTACHED NOTED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART

**(1)   Improper Allocation of Profession Resources**
The Court denies the allowance in part of compensation for the following task because a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."; *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner):

**05/05/10 E. Walker 1.10**    Review and recategorize time entries in preparation of second interim fee petition;

**05/06/10 E. Walker 1.30**    Review prebill invoices and recatagorize time in preparation for second fee petition;

**Total Disallowed: 2.40 x $375 = $900**

**(2)  Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are considered overhead of the professional and are built into the professional's hourly billing rates. *See In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services):

| Date | Person | Hours | Description |
|---|---|---|---|
| 05/13/10 | N. Saldinger | 0.20 | Locate and send Order authorizing debtor to pay prepetition taxes to D. Neff (.1); . . . update case file with same (.1); |
| 05/17/10 | N. Saldinger | 0.20 | . . . process same and update case file (.2); |
| 06/07/10 | N. Saldinger | 0.10 | . . . update case file with same (.1); |
| 06/14/10 | N. Saldinger | 0.10 | . . . file same and update case file (.1); |
| 06/18/10 | N. Saldinger | 0.40 | Organize case filing; |
| 06/25/10 | N. Saldinger | 0.40 | Update case files; |
| 07/15/10 | N. Saldinger | 0.20 | . . .electronically file and update case file with same (.2); |
| 07/19/10 | N. Saldinger | 0.10 | . . . update case file (.1); |
| 07/22/10 | N. Saldinger | 0.40 | . . . update case file (.4); |
| 07/23/10 | N. Saldinger | 0.30 | Update case file; |
| 07/26/10 | N. Saldinger | 0.10 | . . . electronically file Quarterly Fee Statements and update case file with same (.1); |
| 07/30/10 | N. Saldinger | 0.40 | Update master case service list per substitution of attorneys for LAX Enterprise and new Appearances (.3); update case file (.1); |
| 08/25/10 | N. Saldinger | 0.10 | . . . update creditor's service information (.1); |
| 06/14/10 | N. Saldinger | 0.40 | Prepare Certificate of Service to serve Seventh Cash Collateral Order (.2); electronically file same and obtain date-stamped copy for file (.1); coordinate service of same (.1); |
| 06/25/10 | N. Saldinger | 0.10 | Transmit lender correspondence to D. Neff; |
| 07/01/10 | N. Saldinger | 0.40 | Prepare Certificate of Service for Eighth Cash Collateral Order (.2); electronically file same (.1); coordinate service of same and update case file (.1); |

| Date / Timekeeper | Description |
|---|---|
| **05/19/10 N. Saldinger 0.20** | . . . electronically file same (.2); |
| **05/20/10 N. Saldinger 0.60** | . . . revise Notice of Filing and Hearing to all creditors regarding same (.1); electronically file and coordinate service of same (.3); update case file regarding same (.2); |
| **05/25/10 N. Saldinger 0.30** | Update creditor database and service list with new address for creditor Pasta Mia (.1); resend Notice of Hearing on second fee application to same (.1); resend notice to J. Friedland for C.A. O'Reilly and update file regarding same (.1); |
| **06/02/10 N. Saldinger 0.20** | Prepare courtesy copy of firm's second fee application and notice to all creditors regarding same for delivery to Judge Black's chambers; |
| **06/22/10 N. Saldinger 0.40** | Prepare cover sheet for Supplement to motion to approve sale procedures (.2); electronically file and serve same via email (.2); |
| **07/08/10 N. Saldinger 0.20** | Assemble objections filed by various parties to debtors' bid procedures motion and send to D. Neff; |
| **07/14/10 N. Saldinger 0.50** | Locate and transmit to B. Audette various objections filed by lenders for his preparation of debtors' reply to objections to plan, bid procedures motion (.4); transmit LAX Enterprise Errata to objection to bid procedures motion to D. Neff and B. Audette (.1); |
| **07/20/10 N. Saldinger 0.10** | . . . electronically file Reply (.1); |
| **08/09/10 N. Saldinger 0.10** | . . . locate responsive documents for request by lenders (.1) . . . ; |
| **07/08/10 N. Saldinger 0.40** | Locate case pleadings and deliver to D. Neff (.3); . . . serve and send electronic versions of same to B. Audette (.1); |
| **08/06/10 N. Saldinger 0.10** | . . . electronically file same and update case file (.1); |
| **08/02/10 P. Cassman 0.40** | Conference calls with N. Saldinger regarding processing documents (0.2); correspondence with M. Nelson regarding costs and processing timeline for documents (0.2); |
| **08/03/10 M. Nelson 0.60** | Modify and append electronic document database and image collection and link same regarding online attorney deposition and trial preparation; |
| **08/04/10 M. Nelson 0.30** | Modify and append electronic document database and image collection and link same regarding online attorney deposition and trial preparation; |
| **08/05/10 M. Nelson 0.70** | Modify and append electronic document database and image collection and link same regarding online attorney deposition and trial preparation; |

| | | |
|---|---|---|
| 08/16/10 M. Nelson 0.80 | | Modify and append electronic document database and image collection, link same regarding online attorney deposition and trial preparation; |
| 08/19/10 A. Homier 0.80 | | . . . coordinate distribution and service of exhibits (.5); file pretrial statement (.3); |
| 08/20/10 A. Homier 0.70 | | . . . coordinate service of same (.4); file witness and exhibit lists (.3) . . .; |

**Total Disallowed: 7.00 x $190 + 0.40 x $240 + 2.40 x $275 + 1.5 x $230 = $2,431**

The Debtors, having requested interim compensation in the amount of $42,573.00 with regard to the Enterprise Claim (as defined in the Application), is allowed interim compensation in the amount of $42,554.00 with regard to the Enterprise Claim. The Debtors are authorized and directed to pay interim compensation to Perkins Coie LLP in the amount of $42,554.00 from the Lender's cash collateral.

Payment of the balance of interim compensation and expenses from the Lender's cash collateral is subject to further order of the Court, as set forth below:

a. The Court will conduct a hearing on the Debtors' request to use cash collateral to pay the awarded compensation and expenses on **December 13, 2010 at 9:15 a.m. and December 14, 2010 at 9:15 a.m.**

b. The parties shall respond to written discovery requests **within 14 days of service**.

c. The parties shall exchange expert reports on or before **November 17, 2010.**

d. Discovery shall be completed by **December 3, 2010.**

Dated: October 21, 2010                    Entered:

                                           _____
                                           Bruce W. Black
                                           United States Bankruptcy Court