**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | Jointly Administered |
| INC., *et al*. | ) | |
| | ) | Honorable Bruce W. Black |
| Debtors. | ) | |

**NOTICE OF MOTION**

**TO:** See attached Certificate of Service

**PLEASE TAKE NOTICE** that on June 21, 2012 at 10:00 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Bruce W. Black, or any judge sitting in his stead, in Room 719 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago 60604, and present: **Second Renewed Motion of Lender for Relief from the Automatic Stay Pursuant to Sections 362(d)(2) of the Bankruptcy Code and Bankruptcy Rule 4001 to Enforce Rights Against Collateral**.

    AMALGAMATED BANK, as Trustee of Longview Ultra Construction Loan Investment Fund, f/k/a Longview Ultra I Construction Loan Investment Fund, in its capacity as administrative agent for itself and U.S. Bank National Association, in its own right and as the contractual and legal successor-in-interest with respect to certain loans formerly owned by San Diego National Bank

    By:   */s/ Yeny C. Estrada*
           One of its Attorneys

    John W. Costello (Atty. No. 522406)
    Yeny C. Estrada (Atty. No. 6299739)
    Edwards Wildman Palmer LLP
    225 West Wacker Drive, Suite 2800
    Chicago, Illinois 60606
    Tel: (312) 201-2000
    Fax: (855) 577-8445

sf-3157396

-and-

Adam A. Lewis
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522

Norman S. Rosenbaum
John A. Pintarelli
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

sf-3157396

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on Friday, June 15, 2012, I caused a true and correct copy of the **Second Renewed Motion of Lender for Relief from the Automatic Stay Pursuant to Sections 362(d)(2) of the Bankruptcy Code and Bankruptcy Rule 4001 to Enforce Rights Against Collateral** and **Notice of Motion** to be served via ECF/PACER upon all counsel of record receiving electronic service, as set forth below.

By:  */s/ Yeny C. Estrada*
One of Its Attorneys

Yeny C. Estrada (Atty. No. 6299739)
Edwards Wildman Palmer LLP
225 W. Wacker Drive, Suite 3000
Chicago, IL  60606
Telephone:  312-201-2000
Facsimile:  855-577-8445

Howard L. Adelman on behalf of Creditor Pacific Coast Steel
hla@ag-ltd.com

Brian A. Audette on behalf of Debtor RadLAX Gateway Hotel, LLC
baudette@perkinscoie.com, nsaldinger@perkinscoie.com

Matthew J. Botica on behalf of Creditor Audio Visual Group, Inc., d/b/a PSAV Presentation Services-Hotel Services Division
mbotica@winston.com, neverett@winston.com

Ann M Bredin on behalf of Creditor San Diego National Bank
abredin@mpslaw.com, dnichols@mpslaw.com

Jeffrey Chang on behalf of Creditor Amalgamated Bank
jchang@changlawpllc.com

William J. Choslovsky on behalf of Interested Party EREF Mezzanine Fund, LLC
wchoslovsky@ngelaw.com

Nathan F Coco on behalf of Creditor FDIC-R
ncoco@mwe.com

John V Delgaudio on behalf of Creditor Stress Express, Inc.
JVD@JVDLaw.com, John@LifeToLegacy.com

Jonathan P Friedland on behalf of Creditor C.A. O'Reilly & Associates Builders, Inc.
jfriedland@lplegal.com, ckrueger@lplegal.com

sf-3157396

Harley J. Goldstein on behalf of Creditor LAX Enterprise, LP
harleyg@restructuringshop.com

Gerald Kennedy on behalf of Creditor Pacific Coast Steel
gerald.kennedy@procopio.com

Myja K Kjaer on behalf of Creditor Audio Visual Group, Inc., d/b/a PSAV Presentation Services-Hotel Services Division
mkjaer@winston.com, ECF_Bank@winston.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Matthew E. McClintock on behalf of Creditor LAX Enterprise, LP
mattm@restructuringshop.com, laurent@restructuringshop.com;amritk@restructuringshop.com;teresag@restructuringshop.com; harleyg@restructuringshop.com

David M Neff on behalf of Attorney Perkins Coie LLP
dneff@perkinscoie.com, nsaldinger@perkinscoie.com

Monica C O'Brien on behalf of Creditor Catalina Pacific Concrete
gstern1@flash.net

John J O'Leary on behalf of Creditor Raymond-Southern California, Inc
joleary@olearylawfirm.com

Mary E Olson on behalf of Creditor Amalgamated Bank
molson@wildman.com, ecf-filings@wildman.com

Dennis E. Quaid on behalf of Creditor Edward Don & Company
dquaid@tcfhlaw.com

Rebecca D. Rosenthal on behalf of Creditor Pacific Coast Steel
rdr@ag-ltd.com

John P Sieger on behalf of Creditor U.S. Bank National Association
john.sieger@kattenlaw.com

L. Judson Todhunter on behalf of Creditor Western States Fire Protection Company
JTodhunter@howardandhoward.com

Andrew L. Wool on behalf of Creditor U.S. Bank National Association
andrew.wool@kattenlaw.com

sf-3157396

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30047 |
| RADLAX GATEWAY HOTEL, LLC, | ) | Jointly Administered |
| *et al.* | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

**SECOND RENEWED MOTION OF LENDER FOR RELIEF FROM THE AUTOMATIC
STAY PURSUANT TO SECTION 362(d) (2) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 4001 TO ENFORCE RIGHTS AGAINST COLLATERAL**

Amalgamated Bank, as Trustee of Longview Ultra Construction Loan Investment Fund, f/k/a Longview Ultra I Construction Loan Investment Fund, in its capacity as administrative agent for itself and U.S. Bank National Association, in its own right and as the contractual and legal successor-in-interest with respect to certain loans formerly owned by San Diego National Bank (collectively, the "Lender"), by and through its undersigned counsel, respectfully submits this motion (the "Motion") for an order granting it relief from the automatic stay pursuant to section 362(d)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to permit the Lender to enforce its rights under California law as a secured creditor of debtors and debtors-in-possession RadLAX Gateway Hotel, LLC ("Gateway Hotel") and RadLAX Gateway Deck, LLC ("Gateway Deck" and, together with Gateway Hotel, the "Debtors"). In support of this Motion, the Lender respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Although there has been and remains no doubt that, by a wide margin, the Debtors lack equity in the collateral, the Lender previously has moved for stay relief twice unsuccessfully because the Court was not persuaded that the subject collateral was not necessary for an effective

sf-3157396

reorganization as long as the issue of whether the debtors could deny the Lender the right to credit bid as unresolved. In the Court's view, such a plan was the only way that the Debtors could confirm a plan given the massive secured debt/collateral value gap. That question has now been resolved against the Debtors by the United States Supreme Court. Accordingly, stay relief is now in order.

## BACKGROUND

2. The Lender does not here propose to submit a new, from-scratch stay relief motion. Rather, in the interest of saving time and space, and consistent with the Debtors' representations at the last hearing on the prior stay relief motion in December of 2011, the Lender will rely in large measure on the prior motion, the remarks of the parties on December 14, 2011 and the Supreme Court's decision to make its case on this occasion.

3. For background generally, therefore, the Lender asks this Court to take judicial notice of the Lender's prior stay relief motion, the Debtors' opposition and the Lenders' reply. (Dkt. Nos. 484, 487 and 495.) They, along with some more recent material to which the Lender will cite, establish the following:

4. The Debtors own the Radisson at LAX hotel and associated assets (the "Hotel") and an adjacent incomplete parking deck and associated assets on which construction halted prepetition (the "Deck" and, together the with Hotel, the "Collateral"). The Collateral consists of virtually all of the Debtors' assets, and certainly those of any material value, including the Debtors' cash and receivables.

5. The Lender made loans to the Debtors that the Collateral secures. The Debtors had defaulted on the loans by early 2009.

6. On August 17, 2009, the Debtors filed their voluntary chapter 11 petitions commencing the above-captioned cases (the "Cases"). They have been the debtors in possession ever since.

7. As of the filing of the Cases, the Lender's claim was about $130 million and growing at about $1.5 million in monthly interest alone. Thus, by now the claim is about $180 million exclusive of such additional items as the Lender's attorneys' fees and costs.

8. Since filing the Cases, the Debtors have operated using the Lender's cash collateral not only to pay their operating expenses, but to pay other sums, such as they professionals' fees. The professional fees alone (exclusive of associated costs) now total $1,656,735. (See Dkt. Nos. 546 at 6, ¶ 26; 553.)

9. In June of 2010, the Debtors proposed a plan of reorganization under Code section 1129(b)(2)(A)(iii) that included bidding procedures for an auction of the Collateral to sell the Collateral free and clear of the Lender's liens that would have precluded the Lender from credit bidding as a matter of law or, in the alternative, for "cause" under Code section 363(k) if the Court found that such a plan must comply with Code section 1129(b)(a)(A)(ii) by permitting credit bidding except if there is cause to deny it. The "stalking horse" bid under the plan was for only $47.5 million even though the Debtors' own September 2009 appraisal valued the real property Collateral at $61.9 million. The stalking horse had granted an insider the right to purchase a 5% interest in the stalking horse on unspecified terms.

10. The Court denied the bid procedures motion, entering its order in October of 2010. It ruled that as a matter of law, in any plan sale free and clear of liens the Debtors had to proceed under Code section 1129(b)(2)(A)(ii), permitting the Lender to credit bid absent a

finding of cause. At a subsequent trial, the Court also found that the Debtors had failed to show any such cause.

11. The Debtors filed a notice of appeal of the order denying the bid procedures motion. They also sought a direct appeal to the Seventh Circuit Court of Appeals under 28 U.S.C. section 158(d)(a)(A)(i)-(iii) with respect only to the credit bidding issue; they did not seek review of the Courts' finding on "cause." This Court certified the appeal to the Seventh Circuit, finding that, "Notwithstanding the Debtors' reference to alternative resolutions, the huge difference between the value of the real estate and the amounts owed the lenders, the proposed sale precluding credit bidding appears to this bankruptcy judge to be the only realistic hope the debtors have to confirm a plan in chapter 11." See Certification for Direct Appeal to Court of Appeals for the Seventh Circuit [Dkt. No. 362] (the "RadLAX Certification") (referring to Certification for Direct Appeal to Court of Appeals for the Seventh Circuit, at 3 ¶ 8, In re River Road Hotel Partners, LLC, Case No. 09-30029 (Bankr. N.D. Ill. Nov. 4, 2010) [Dkt. No. 500] (the "River Road Certification")). The Court thus recognized the continuing dramatic gap between value and debt. The Seventh Circuit accepted the appeal (the "Seventh Circuit Appeal").

12. In the meantime, the Debtors filed an amended plan with a stalking horse bid of $55 million. In November of 2010, they also obtained a new appraisal that came in at $62.8 million. The Lender believes that the real property Collateral is worth somewhat more than that. But in any event, there has been and can still be no dispute that the Collateral is worth far less than the debt it secures.[1]

---

[1] There are also about $22 million gross in mechanic's liens against the real property Collateral. Although the priority of those liens vis-à-vis the Lender is in dispute, as is the amount of the liens, the fact remains that liens increase the Debtors' equity deficit still further.

sf-3157396

13. In late June of 2011, the Seventh Circuit affirmed this Court's ruling on the bid procedures motion. *River Road Hotel Partners, LLC v. Amalgamated Bank*, 651 F.3d 642 (7th Cir. 2011). Thirty eight days later, the Debtors petitioned the United States Supreme Court for a writ of certiorari ("cert") to review the Seventh Circuit's decision.

14. Shortly afterward, the Lender made its prior (and second) stay relief motion under Code section 362(d)(2). (Dkt. Nos. 484, 495.) Its argument was that no one disputed that the Debtors lacked equity in the Collateral by a wide margin and that no feasible reorganization was reasonably in prospect because (1) the Cases already were two years old, with much uncertainty about the confirmability of the Debtors' plan (as amended) and timing of any such further proceedings. Even if the Supreme Court granted cert and the Debtors won, it would be the Fall of 2012 before the Debtors' plan (as amended) would be tested,[2] and (2) the Court's unequivocal decision on the bid procedures motion counseled that the Court believed it was correct on the law, so it also likely believed the likelihood of the Supreme Court's reversing was small.

15. The Debtors' principal argument against stay relief was that the Court should wait to see what the Supreme Court did because if the Supreme Court granted cert, the Debtors still had a hope of confirmation a plan.[3]

16. After several hearings to see whether the Supreme Court granted cert (see Dkt. Nos. 505, 514, 517), the Court denied the Lender's stay relief motion without prejudice on December 14, 2011 because the Supreme Court had by then granted cert (Dkt. No. 519). In doing so, it rejected the Lender's plea that Court simply continue motion until a date after which

---

[2] As it had expressed on a number of occasions, the Lender believed that the plan unconfirmable for a number of other reasons beside the bidding procedures issue.
[3] The Debtors also half-heartedly argued that in any event they could always confirm an "internal" plan of reorganization funded by the Debtors' operations. Evidently, this Court had already decided that was an illusory prospect when it wrote the River Road Certification Order. Nor is such a plan any more likely now than then. The Debtors have not proposed such a plan after all this time. Moreover, they have *lost* about $250,000 on a current basis in the last year, including losses of $469,000 in April of this year and $703,000 in December of 2011. (*See* p. 1 of Dkt. Nos. 476, 481, 483, 503, 510, 521, 524, 531, 537, 540 and 551.)

sf-3157396

the Supreme Court likely would have issued a decision on the merits in order to avoid having to go to the expense of preparing yet another stay relief motion. Comments by the Debtors and the Court at that hearing suggest that they considered it essentially a foregone conclusion that the Lender would later get stay relief by an abbreviated procedure if the Supreme Court affirmed this Court and the Seventh Circuit:

> MR. NEFF: I represented to Mr. Lewis, I will waive any 30-day requirement for his hearing; that if he does get the relief from the Supreme Court, he can bring it, file a one-page motion saying for the reasons set forth in our prior motion, you may lift the stay. He can come in on two days' notice, what's allowed in our jurisdiction, and get it done that way. . . .
>
> . . . .
>
> MR. NEFF: I believe I'm giving Mr. Lewis everything he would want, which is to spend as little money and get the relief as quickly as possible should he prevail [in the Supreme Court] . . . .
>
> THE COURT: And I will probably remember this case.

(Transcript of December 14, 2011 hearing, 5-6, attached hereto as Ex. A and incorporated by reference.)

## ARGUMENT

17. On May 29, 2012, the Supreme Court ruled. In an 8-0 opinion, it held that as a matter of the language of the statute itself, Code section 1129(b)(2)(A)(iii) governs all plan sales free and clear of liens. RadLAX Gateway Hotel, LLC v. Amalgamated Bank, --- S Ct. ----, 2012 WL 1912197, U.S., May 29, 2012 (No. 11-166). Thus, as a matter of law the Debtors had to afford the Lender the right to credit bid under any plan sale free and clear of liens. The Debtors' plan was, therefore, dead.

18. Since the Debtors have no equity in the Collateral and no longer have any hope of confirming a plan of reorganization, Code section 362(d)(2) mandates stay relief to allow the Lender to enforce all of its rights and remedies under applicable nonbankruptcy law, including

sf-3157396

the commencement and prosecution of judicial or nonjudicial foreclosure under California law. These rights and remedies also include, among other things, the right to seek appointment of a receiver under the applicable terms of the underlying deeds of trust and California Code Civil procedure to take control of and operate the Collateral pending foreclosure, including the rents and profits thereof, and if appropriate to dispose of the Collateral or any portion of it by any appropriate means.

## NOTICE

19. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) counsel to the Debtors; and (c) all parties who have filed appearances or requested notices through the Court's CM/ECF system. In light of the nature of the relief requested, the Lender submits no further notice is needed.

## CONCLUSION

For the foregoing reasons, the Lender requests the Court to grant it stay relief to exercise all of its rights and remedies under California law as a secured creditor of the Debtors.

*Signature page follows.*

sf-3157396

Dated: June 15, 2012
      Chicago, Illinois

      **AMALGAMATED BANK**, as Trustee of Longview Ultra Construction Loan Investment Fund, f/k/a Longview Ultra I Construction Loan Investment Fund, in its capacity as administrative agent for itself and U.S. Bank National Association, in its own right and as the contractual and legal successor-in-interest with respect to certain loans formerly owned by San Diego National Bank

By: */s/ Yeny C. Estrada*
      One of its Attorneys

John W. Costello (Atty. No. 522406)
Yeny Estrada (Atty. No. 6299739)
Edwards Wildman Palmer LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
Tel: (312) 201-2000
Fax: (855) 577-8445
E-mail: costello@wildman.com
      estrada@wildman.com

-and-

Adam A. Lewis
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522
E-mail: alewis@mofo.com

Norman S. Rosenbaum
John A. Pintarelli
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: nrosenbaum@mofo.com
      jpintarelli@mofo.com

sf-3157396